**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

UNTED STATES OF AMERICA,

Plaintiff,

v.

CHERYL RAMOS

Defendant.

Case No. 2:12-cr-480-APG-PAL

**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

(ECF No. 40)

Defendant Cheryl Ramos moves to terminate her supervised release early. ECF No. 40. The United States Probation Office opposes.

Modification of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Ms. Ramos was convicted of conspiracy to defraud the government with respect to government claims. She was an active participant in a significant fraud scheme. She recruited people, prepared and filed false tax returns, and helped cash refund checks. She helped steal over $190,000 from the IRS. Nevertheless, based on a number of factors—including her lack of criminal history and good behavior while on lengthy pretrial release—I imposed a sentence significantly lower than that called for by the Sentencing Guidelines.

The conditions of her supervised release protect the public (and deter her) from future similar crimes. Moreover, supervised release should help encourage payment towards the large restitution amount imposed against Ms. Ramos.

After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). By all accounts Ms. Ramos has properly performed while on supervised release, complying with all requirements and maintaining employment. She appears to satisfy at least eight of the nine factors set forth in The Judicial Conference on Criminal Law's Monograph 109, *Supervision of Federal Offenders* § 380.10(b)(1)–(9). I applaud and encourage her efforts. However, "[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *United States v. Grossi*, No. CR-04-40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) (citations omitted).

> [E]ven perfect compliance with conditions of release does not qualify as "exceptionally good behavior" warranting early termination. . . . "Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.". . . In *United States v. Medina*, the court found that though defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." 17 F.Supp.2d 245, 247 (S.D.N.Y.1998). Therefore, a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance.

*United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (citations omitted). No such unusual or extraordinary circumstance has been shown here.

Ms. Ramos's request for early termination is based primarily on her desire to travel to the Philippines. I granted that request by a separate Order. ECF No. 43. There does not appear to be any other reason to justify early termination of supervised release. Therefore, the defendant's motion **(ECF No. 40) is DENIED.**

DATED this 14th day of October, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE